UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID BERGUIN,

      Plaintiff,

v.                                                Case No:   2:14-cv-249-FtM-29CM

BUSINESS WORLD
PUBLISHING, INC. and MARCUS
VANDENBRINK,

      Defendants.

## ORDER

Before the Court is Plaintiff's Motion for Clerk's Default (Doc. 6) filed on June 17, 2014. Plaintiff David Berguin ("Berguin") moves pursuant Federal Rule of Civil Procedure 55(a), for entry of a Clerk's Default against Defendants Business World Publishing, Inc. ("Business World") and Marcus Vandenbrink ("Vandenbrink") for failure to respond to the Complaint. For the reasons that follow, the Motion is due to be granted.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Prior to directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effected service of process. *Kelly v. Florida*, 233 F. App'x 883, 884-85 (11th Cir. 2007); *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id.* § 48.081(3)(a). Service on an individual can be made by any manner accepted in the state or by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(1), (e)(2)(A). Section 48.031, Florida Statutes, provides that "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper. . . ." Fla. Stat. § 48.031(1)(a).

In support of his Motion for Clerk's Default, Berguin cites the Affidavit of Service filed with the Court on May 16, 2014 (Docs. 4), which reflect that Brian Henderson, as Vice President for Business World, was served with the Summons and Complaint on May 13, 2014, at 9681 Gladiolus Drive, Suite 205, Fort Myers, Florida, 33908. Vandenbrink was served personally on May 14, 2014, at 9681 Gladiolus Drive, Suite 205, Fort Myers, Florida, 33908. Doc. 5. Affidavits by process servers constitute a *prima facie* showing that defendants have been served. *See Manufacturers Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938, 941 (11th Cir. 1995)

(letter from Florida Secretary of State acknowledging acceptance of summons and complaint *prima facie* evidence of substituted service on the defendant); *Udoinyion v. The Guardian Security*, 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, *2 (S.D. Fla. June 14, 2012). Service of process was therefore properly effected as to Defendants Business World and Vandenbrink under Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1); Fla. Stat. § 48.081(3)(a).

Pursuant to Rule 12(a)(1)(A), Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Business World and Vandenbrink have failed to do so within the time period; therefore, entry of Clerk's Default is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Clerk's Default (Doc. 6) is **GRANTED;** and the Clerk is directed to enter Clerk's Default against Defendants Business World Publishing, Inc. and Marcus Vandenbrink.

**DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of June, 2014.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record